MEMORANDUM
ADKINS, J.
This is a motion by defendants to dismiss a bill filed by plaintiff to restrain the enforcement of an order of the Deputy *147 Commissioner of the United States Employees Compensation Commission.
The case arises out of the death of George H. Curtin on January 5, 1933, while engaged in his employment of baker.
Curtin was 51 years of age. There was evidence to indicate that his previous health was good; that his death occurred between four and five o’clock in the afternoon; that he had been at work for either two or four hours; that in his daily work he was required to lift several sacks of flour weighing 98 pounds each; that in the baking room the temperature was from 70 to 80° except directly in front of the oven, where it ranged from 110 to 120°; that just before his death Curtin was engaged for about ten minutes in placing bread in the oven and was directly exposed to its heat; that suddenly he left the oven door; that deceased got shortness of breath; that he stated to others that he thought he “was a goner that time” ; that deceased walked to an adjoining room and sat on a bench; that after a short time he fell in a reclining position; that he died, without medical attention, about fifteen minutes after he left the oven. No autopsy was performed.
Counsel for claimant at one time contended that the death was due to strain in lifting flour and other things, and at another time claimed it was caused by heat exhaustion.
Four doctors testified. The physician who was called to the bakery at the time of the death said he thought Curtin died of acute heart failure, but would not express an opinion as to the cause of the heart failure.
The doctor called by the Insurance Company testified that it was impossible for anybody to say what Curtin died from because the symptoms were not specific, and that he did not think the death was caused by heat exhaustion.
Plaintiff’s counsel criticise the testimony of the other doctors because, they say, their opinions were based on hypothetical questions not in accordance with the facts. The record shows that the hypothetical question was modified several *148 times, but I believe that finally the evidence was stated with substantial accuracy to Dr. Cummings. As I understand the latter’s testimony he was of the opinion that deceased died of an acute condition precipitated by his occupation (66); that it was not an out and out heart condition (62) but that the contributing cause was the arduous labor which caused a strain, and that when he was exposed to the sudden excessive heat of the oven he did not have the reserve to withstand the second strain caused thereby (65).
It seems to me that in this conflict of the testimony there was substantial evidence to support the findings of the Deputy Commissioner.
Also it seems to me that the case is one in which any doubt should be resolved in favor of the dependent family (see Fid. & Cas. Co. v. Burris, 61 App. D. C. 228, 230) and in which the presumption of section 20 of the act should be indulged that the claim comes within the provisions of the act.
On the facts I think the case is quite different from Liberty Mut. Ins. Co. v. Hoage, decided by the Court of Appeals May 23 last. In that case Dr. Hunter examined tissue from the body of the deceased, and from that examination testified positively that in his opinion deceased was suffering from three chronic diseases and that there was nothing shown in his examination to attribute the death to heat exhaustion but unmistakable evidence from which to attribute it to disease and to that alone.
Therefore the motion to dismiss should be granted.